d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOVETTA HONGO, ET VIRE<br>Plaintiffs | CIVIL ACTION NO. 1:17-CV-00371 |
| VERSUS | CHIEF JUDGE DRELL |
| MAIN STREET AMERICA<br>ASSURANCE COMPAYN, ET AL<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (Doc. 7) filed by Plaintiffs, Jovetta and Leonard Hongo. Plaintiffs claim that removal was untimely and ask this Court to remand the case for further state proceedings. (Doc. 7). Because the Court has subject matter jurisdiction and Defendants' removal was timely, remand is unwarranted.

I. Background

On December 11, 2015, Jovetta Hongo was involved in an automobile collision with a driver insured by Main Street America Assurance Company ("Main Street"). (Doc. 16-2). Plaintiffs filed a Petition for Damages in Louisiana's Ninth Judicial District Court against Defendants, Main Street and Plaintiffs' uninsured or underinsured motorist insurance provider, State Farm Mutual Automobile Insurance Company ("State Farm"). (Doc. 16-2). Both Defendants were served with Plaintiffs' petition on November 23, 2016. (Doc. 7).

1

d

On March 9, 2017, Defendants removed claiming that the parties were completely diverse and more than $75,000 was at issue. (Doc. 1). Plaintiffs agree that this Court has subject matter jurisdiction. (Doc. 7). Nevertheless, Plaintiffs moved to remand, asserting that the Defendants did not remove timely under 28 U.S.C. § 1446. (Doc. 7).

II. Law and Analysis

A. Standards governing the Motion to Remand.

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. See Scarlott v. Nissan N. Am., Inc., 771 F.3d 883, 887 (5th Cir. 2014). A civil action filed in state court is removable if the federal court has original jurisdiction. 28 U.S.C. § 1441. But, as explained more fully below, removal must be timely. 28 U.S.C. § 1446. Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Subject matter jurisdiction must exist at the time of removal based on the facts and allegations contained in the complaint. See St. Paul Reinsurance Co. Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists. See 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction. See Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013). "Any ambiguities are construed against removal and in favor of remand to state court." Id.

2

d

### B. Removal must be timely.

Plaintiffs maintain that removal was untimely. (Doc. 7). There are potentially two triggering events that determine whether a removal is timely. 28 U.S.C. § 1446(b); see also Decatur Hosp. Auth. v. Aetna Health, Inc., 854 F.3d 292, 297 (5th Cir. 2017) (quoting Chapman v. Powermatic, Inc., 969 F.2d 160, 161). First, a defendant must file the notice of removal within 30 days of receiving the plaintiff's initial pleading that sets forth a removable claim for relief. 28 U.S.C. § 1446(b)(2)(B). Second, if the initial pleading does not set forth a removable claim, notice of removal must be filed within 30 days of receiving an amended pleading or "other paper" informing the defendant that the case is removable. 28 U.S.C. § 1446(b)(3); see also Mumfrey, 719 F.3d at 397–98 ("Restated, if the initial pleading sets forth a claim that triggers the removal clock, the defendant must file notice of removal within 30 days of receiving it. If the initial pleading did not trigger the 30 day removal clock, a notice of removal must be filed within 30 days of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable.") (internal footnotes omitted) (internal citations omitted).

#### 1. Plaintiffs' petition does not establish diversity jurisdiction on its face.

Plaintiffs argue removal was untimely because the 30 day removal clock began when Defendants received Plaintiffs' petition from which "it was apparent from the face of the Petition" that the case was removable. (Doc. 16-2). Further, Plaintiffs argue that by joining their own uninsured/underinsured motorist insurance provider

d

in this lawsuit, they made clear to Defendants that the amount in controversy exceeds the jurisdictional minimum.

Plaintiffs' Petition only triggers the 30 day removal clock if it "affirmatively reveals on its face" that Plaintiffs seek damages exceeding the jurisdictional minimum. See Mumfrey, 719 F.3d at 400 (citing Chapman, 969 F.2d at 163). The Fifth Circuit has established a bright-line rule requiring an initial pleading to specifically allege that damages exceed the federal jurisdictional minimum for that pleading to begin the removal clock. Mumfrey, 719 F.3d at 400 (citing Chapman, 969 F.2d at 163). Neither Defendants' subjective knowledge nor circumstances surrounding the case trigger the removal clock. See Chapman, 969 F.2d at 163 ("We [decide the pleading must affirmatively reveal the amount in controversy exceeds the minimal jurisdictional amount on its face to trigger the 30 day removal clock] because we conclude that it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know.").

In this case, Plaintiffs' Petition generally alleges damages without claiming a specific monetary amount or alleging that damages exceeded the federal jurisdictional minimum.[1] (Doc. 16-2). Because Plaintiffs' argument relies on facts and circumstances surrounding the case to establish the amount in controversy, Plaintiffs' petition fails to satisfy Chapman's bright-line rule regarding an initial pleading.

---

[1] La. C.C.P. 893 prohibits specific monetary damage amounts in a plaintiff's state court pleading, but permits allegations that the amount in controversy is sufficient for federal diversity jurisdiction.

4

d

Consequently, Plaintiffs' inclusion of the uninsured/underinsured motorist insurance provider in this case is not sufficient to affirmatively reveal that the amount in controversy requirement is met. That the Defendants' may be able to make computations, based upon their own subjective knowledge, to determine the total amount of insurance coverage available in this case also does not satisfy Chapman's bright-line rule. See Mumfrey, 719 F.3d at 400 (finding Mumfrey's initial pleading did not trigger the 30 day removal clock even though CVS, Mumfrey's former employer, could have computed the total amount of lost wages claimed because CVS's knew Mumfrey's salary); see also Clark v. Dolgencorp, CIV.A. 13-2336, 2014 WL 458220, at *4 (W.D. La. Feb. 4, 2014) (finding that wrongful death allegations were insufficient to trigger the 30 day removal clock because they did not "affirmatively reveal" that more than $75,000 was at issue on the face of the complaint.). Because Plaintiffs' initial pleading did not reveal on its face that the amount in controversy exceeded $75,000, it did not begin the 30 day removal clock.

2. **No "other paper" makes Defendants' removal untimely.**

The 30 day removal clock may also begin when an amended pleading or "other paper" first informs the defendant that the case is removable. 28 U.S.C. § 1446(b)(3). For an amended pleading or "other paper" to trigger the removal clock, it must make "unequivocally clear and certain" that the case is removable. Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002).

On December 13, 2016, Plaintiffs admitted, via email, that the amount in controversy exceeded $50,000. (Doc. 7). On December 14, 2014, Plaintiffs provided

5

d

Defendants with a copy of Jovetta Hongo's medical packet which showed outstanding medicals bill totaling $17,347 and informed that she was still being treated. (Docs. 1-7, 7). During a May 5, 2017 motion hearing before this Court, Plaintiffs acknowledged that neither the email nor the medical packet made it unequivocally clear and certain that the case was removable.

On February 13, 2017, in Plaintiffs' Answer to Request for Admission No. 2, Plaintiffs acknowledged that the amount in controversy exceeded $75,000. (Doc. 16-1). This admission constitutes the first "other paper" by which the Plaintiffs made it unequivocally clear and certain that the amount in controversy exceeded the jurisdictional minimum. As such, Defendants had 30 days to remove. 28 U.S.C. § 1446(b)(3). On March 9, 2017, the Defendants timely removed. (Doc. 1).

III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the Motion to Remand (Doc. 7) filed by Plaintiffs, Jovetta and Leonard Hongo, be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __21st__ day of June, 2017.

                                                   Joseph H.L. Perez-Montes
                                                 United States Magistrate Judge